### No. 118
### ELIZABETH J. COURTRIGHT v. LESLIE M. SCRIMGER et al

Error to Franklin County Appeals
No. 18251, filed in Supreme Court
Dec. 14, 1923. 2 Abs. 3

**297. CONTRACT—Action to rescind and cancel as to real estate.**

Action to partition real estate, commenced in Franklin Common Pleas, in which Elizabeth J. Courtright was plaintiff and Leslie M. Scrimger et al were defendants. The parties are here found in the same relation as they appeared in the trial court.

The premises in question belonged to one Oma Courtright. She married Charles W. Scrimger. She died in 1890, childless and intestate. Her surviving husband took a life estate in the property and her brothers and sisters (one being Fleetwood Courtright) the fee subject to said life estate. Fleetwood Courtright died in 1918, seized of an undivided interest in said land, subject to said life estate. He was survived by his second wife, Elizabeth J. Courtright (plaintiff herein), and children and grandchildren.

, Thereupon a dispute arose between the widow and certain of Fleetwood's heirs by his first wife, in connection with the settlement of his estate." After some litigation had been commenced, a contract of settlement was entered into by all the interested parties, which contract purported to convey to Elizabeth Courtright "all of the right, title and interest in and to the estate of Fleetwood Courtright, Sr., deceased, which each one of us has as an individual . . . and if it is necessary to carry out the terms of this agreement that any or all of the above named parties shall execute and deliver a deed or deeds for real estate. . . . This agreement applies to all property of said estate, real, personal or mixed, wheresoever located, whether now known to the parties hereto or hereafter discovered."

Upon the death of Charles W. Scrimger, the widow brought an action, asking that the heirs be required to convey to her the property herein mentioned, in accordance with said contract. Some of the heirs insisted that they were owners of the said real estate and claimed that they did not know of Fleetwood Courtright's interest in the same when the contract was made. They prayed for rescission and cancellation of said contract.

The Court of Appeals found against the widow and held that the said interest in said real estate was not included in said contract and proceeded to reform the contract in that respect.

Plaintiff claims error on the ground that no issue in respect to **reformation** of the contract was made by the pleadings and also that the contract (no fraud being claimed) constituted an agreement on the part of the heirs to convey this property to the widow.

**Attorneys**—Barton Griffith and Fred C. Rector, for Mrs. Courtright.